# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM E. NORRIS,                              Case No. 1:10-cv-764
        Petitioner,

                                          Dlott, C.J.

        vs.                                            Litkovitz, M.J.

WARDEN, OAKWOOD                                 **REPORT AND**
CORRECTIONAL FACILITY,                          **RECOMMENDATION**
        Respondent.


Petitioner, who is currently incarcerated at the Oakwood Correctional Facility in Lima,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The

case is before the Court on the petition and respondent's return of writ with exhibits. (Docs. 5,

13).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On June 4, 2008, the Butler County, Ohio, grand jury returned an indictment charging

petitioner with one count of domestic violence in violation of Ohio Rev. Code § 2919.25(A); two

counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A); one count of abduction

in violation of Ohio Rev. Code § 2905.02(A)(2); and one count of violating a protection order in

violation of Ohio Rev. Code § 2919.27(A)(1). (Doc. 13, Ex. 1).

On June 25, 2008, petitioner entered a guilty plea to the domestic violence charge and one

of the felonious assault counts; in exchange, the remaining three charges were merged. (*See* Doc.

13, Ex. 3). In the written plea agreement executed by petitioner, petitioner was informed that the

domestic violence offense carried a maximum prison term of five (5) years and that the felonious

assault offense carried a maximum prison term of eight (8) years.  (Doc. 13, Ex. 3).  At the plea hearing held the same date, the trial court also advised petitioner of the maximum sentences he faced, and that he could be subjected to a maximum aggregate sentence of thirteen (13) years in prison.  (Doc. 13, Plea Hearing Tr. 3, 5).

After a sentencing hearing held on July 30, 2008, the trial court issued a Judgment Of Conviction Entry on August 8, 2008, sentencing petitioner to consecutive five (5) year prison terms or an aggregate ten-year term of incarceration.  (Doc. 13, Ex. 4).

**State Appeal Proceedings**

Although petitioner failed to file a timely appeal to the Ohio Court of Appeals, Twelfth Appellate District, the court granted him a delayed appeal.  (*See* Doc. 13, Exs. 5-8).  With the assistance of new counsel for appeal purposes, petitioner filed a brief raising the following claim as the sole assignment of error:  "The trial court erred when it did not consider the principles and purposes of sentencing under R.C. § 2929.11 or the seriousness and recidivism factors as set forth in R.C. § 2929.12."  (Doc. 13, Ex. 9).  On November 23, 2009, the Ohio Court of Appeals issued a Judgment Entry overruling the assignment of error and affirming the trial court's judgment.  (Doc. 13, Ex. 11).

Approximately nine months later, on August 17, 2010, petitioner submitted a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Clerk of the Ohio Supreme Court for filing.  (Doc. 13, Exs. 12, 13).  In the notice of appeal, petitioner listed the following propositions of law he planned to raise on appeal if his motion for leave to file a delayed appeal were granted:

1.  The appellant's sentence is contrary to law and represents an "abuse of

discretion" by the trial court. The excessive sentence is not supported by the record.

2. The Sixth and Fourteenth Amendments to the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact required for the enhancement has been admitted by the Defendant or found by a jury beyond a reasonable doubt.

3. The appellant maintains that counsel[']s performance fell below a reasonable standard and qualifies as "ineffective assistance of counsel" in violation of Amendment 6 to the Constitution of the United States.

4. The appellant's sentence violates "equal protection of the laws" as guaranteed by section 1 of Amendment XIV as well as "due process" clauses of Amendments V and XIV to the Constitution of the United States.

5. Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the "double jeopardy" clause of Amendment V of the Constitution of the United States, and likewise a violation of the "due process" clauses of Amendments V and XIV.

6. The appellant's sentence is a violation of the "cruel and unusual punishment" clause of Amendment VIII to the Constitution of the United States, and likewise a violation of the "due process" clauses of Amendments V and XIV.

7. The trial court erred prejudicially to the appellant for not sufficiently addressing the appellant[']s mental health issues.

(Doc. 13, Ex. 13).

In addition, in the memorandum submitted in support of his motion for leave to file a delayed appeal, petitioner provided the following reasons for his delay in filing: (1) his appellate counsel failed to inform him of the intermediate appellate court's decision and did not let him know that the decision could be appealed to a higher court; (2) as a *pro se* litigant without formal training in legal matters and limited access to the prison law library, he needed "additional time" to prepare an appeal; and (3) in preparing the *pro se* appeal, he faced "time consuming obstacles" in obtaining the necessary "information and documentation from the various sources that held

3

them." (Doc. 13, Ex. 12, "Memorandum In Support"). Petitioner attached as exhibits to his motion copies of a letter dated January 25, 2010 addressed to him from an attorney at the Ohio Public Defender's Office; a letter dated May 17, 2010 that he sent to his counsel on direct appeal, requesting "the entire contents of my file;" and a letter dated May 28, 2010 from his appellate counsel in reply to his May 17, 2010 letter, stating that "all court documents, filings and transcripts from your case" had been enclosed with the letter. (Doc. 13, Ex. 12, "Exhibits C-E").

The letter dated January 25, 2010 from the assistant Ohio Public Defendant provided in pertinent part:

> You recently contacted this office for assistance in this case. My review of your case indicates you pleaded guilty to Felonious Assault and Domestic Violence on June 25, 2008 in the Butler County Court of Common Pleas. . . . The Second District Court of Appeals affirmed. . . . You did not seek an appeal to the Ohio Supreme Court. It is unlikely the Ohio Supreme Court would grant review following your plea, and even less likely given any appeal would now be delayed.

(Doc. 13, Ex. 12, "Exhibit C"). In the letter, the attorney also stated that the Ohio Public Defender's Office "cannot represent you" because in cases where the defendant enters a guilty plea, "this office provides representation only when appointed by the court." However, the attorney went on to provide legal advice about the viability of arguments petitioner wanted to raise on appeal and possible available avenues of relief to pursue in the state courts. (Doc. 13, Ex. 12, "Exhibit C").

On October 13, 2010, the Ohio Supreme Court denied the motion for delayed appeal without opinion. (Doc. 13, Ex. 14).

## State Post-Conviction Proceedings

On August 27, 2010, during the time he was pursuing his motion for delayed appeal in

the Ohio Supreme Court, petitioner filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the Butler County Common Pleas Court. (Doc. 13, Ex. 15). In the petition, petitioner raised five ineffective-assistance-of-counsel claims based on the following acts or omissions by his trial counsel: (1) failure to have a "psychiatrist testify regarding mental illness and SAMI;" (2) failure to investigate petitioner's claim that "counts 1 & 2 happened simultaneously and were part of a continuous course of behavior" for sentencing merger purposes; (3) inducing petitioner to plead guilty based on misadvice about the sentence he would receive in light of "mitigating circumstances;" (4) failure "to pursue (or investigate) the defendant's assertion that count 2 was untrue and completely made up by the victim[']s brother;" and (5) failure "to investigate the false claims by the prosecutor that the phone calls from jail to the victim were made by the defendant to convince her not to testify." (Doc. 13, Ex. 15).

On September 20, 2010, the Butler County court issued a decision and entry denying post-conviction relief on the ground that the petition was "untimely" and the court, therefore, lacked "jurisdiction to entertain it." (Doc. 13, Ex. 17). The court added that petitioner had "failed to establish the exceptions set forth in R. C. 2953.23(A)" for excusing the requirement set forth in Ohio Rev. Code § 2953.21(A)(2) that petitions for post-conviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction," which in this case was May 11, 2009. (Doc. 13, Ex. 17, pp. 2-3).

Respondent states in the return of writ that it appears the trial court's decision denying the post-conviction petition was not appealed to the Ohio Court of Appeals. (Doc. 13, Brief, p. 21). The undersigned has conducted a search of the online docket records maintained by the Butler

County Clerk of Courts, and has found no record of any appeal filed by petitioner from the trial court's denial of post-conviction relief.

## Federal Habeas Corpus

Petitioner submitted his habeas corpus petition to the prison mail room for filing with the Court on October 29, 2010, and the action officially commenced on November 2, 2010. (*See* Doc. 5, p. 16; *see also* Doc. 1). In the petition, petitioner alleges seven grounds for relief, which correspond to the seven propositions of law asserted in petitioner's notice of appeal to the Ohio Supreme Court:

> **Ground One:** The appellant's excessive sentence is contrary to law, unsupported by the record, and represents an "abuse of discretion" by the trial court.

> **Ground Two:** The Sixth and Fourteenth Amendments of the Constitution of the United States prohibits the imposition of a maximum consecutive sentence unless the fact relied upon for the enhancement has been admitted by the defendant or found by a jury beyond a reasonable doubt.

> **Ground Three:** The appellant asserts that trial counsel provided "ineffective assistance" below the objective standard of reasonableness set in *Strickland v. Washington,* 466 U.S. 668 (1984)[,] and the Sixth Amendment.

> **Ground Four:** Sentence violates "equal protection of the laws" as guaranteed by section 1 of Amendment XIV as well as "due process" clauses of Amendment V and Amendment XIV of the Constitution of the United States.

> **Ground Five:** Prosecution and conviction of multiple counts, as it applies to the instant case, is a violation of the "double jeopardy" clause of Amendment V, and likewise a violation of the "due process" clauses of Amendment V and XIV of the Constitution of the United States.

> **Ground Six:** The appellant's sentence is a violation of the "cruel and unusual punishment" clause of Amendment VIII, and likewise the "due process" clauses of Amendments V and XIV of the Constitution of the United States.

> **Ground Seven:** The trial court erred prejudicially to the appellant for not sufficiently considering his mental health issues, denying him of "due process" in

accordance with Amendment XIV to the Constitution of the United States.

(Doc. 5, attached "Statement Of The Case And The Facts," pp. 1, 4, 5, 6, 8, 9, 11; *see also* Doc. 13, Ex. 13).

In the return of writ filed in response to the petition, respondent contends that petitioner has waived his claims for relief as a result of his procedural defaults in the state courts. (Doc. 13, Brief, pp. 13-25). Alternatively, respondent argues that petitioner's claims for relief are not cognizable in this federal habeas proceeding. (Doc. 13, Brief, pp. 10-13, 20).

## II. PETITIONER PROCEDURALLY DEFAULTED AND HAS WAIVED HIS CLAIMS FOR FEDERAL HABEAS CORPUS RELIEF

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62

(1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to

demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[1] In cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in

---

[1]In *Harris,* the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane,* 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

 In this case, petitioner committed procedural defaults both on appeal and in the state post-conviction proceeding.  On appeal, he procedurally defaulted the claims he has raised in the instant petition by (1) presenting only one sentencing-error claim as an assignment of error for consideration on direct appeal by the Ohio Court of Appeals; and (2) then failing to perfect a timely appeal to the Ohio Supreme Court for review of the seven claims proposed as propositions of law in the notice of appeal.  Although petitioner did seek leave to file a delayed appeal with the state's highest court, the court refused to allow the appeal by summarily denying the motion. (*See* Doc. 13, Ex. 14).

The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition.  *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir. 2004) (per curiam); *see generally Harris,* 489 U.S. at 260-62.  In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of

a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370

F.3d at 497 (and unpublished Sixth Circuit cases cited therein). The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Bonilla,* 370 F.3d at 497.

As in *Bonilla*, petitioner failed to file a timely notice of appeal with the Ohio Supreme

Court and his motion for leave to file a delayed appeal was denied by that court apparently

because he did not provide adequate reasons for his delay in filing. *See id.* In this case, as in

*Bonilla,* the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested

relief." *Id.* In such circumstances, it must be assumed that the state supreme court enforced the

applicable procedural bar to review. *Id.* (citing *Sparkman,* 94 F.3d at 203).

In the state post-conviction proceeding, petitioner arguably raised some of the ineffective-

assistance-of-counsel claims that are alleged in Ground Three of the petition. However, in that

proceeding, petitioner committed two more procedural defaults. First, he failed to file a timely

petition in accordance with the well-established 180-day filing requirement set forth in Ohio Rev.

Code § 2953.21(A)(2), which was clearly and expressly relied on by the trial court in denying

post-conviction relief. *Cf. Foster v. Brunsman,* No. 2:09cv214, 2010 WL 3604454, at *7 (S.D.

Ohio July 14, 2010) (Report & Recommendation) (finding that the federal habeas petitioner's

"off-the-record claims appear to be procedurally defaulted, as the state courts refused to consider the merits of his post conviction petition as untimely"), *adopted*, 2010 WL 3604453 (S.D. Ohio Sept. 10, 2010); *Beard v. Warden, Lebanon Corr. Inst.*, 1:07cv932, 2008 WL 4924804, at *8 n.9 (S.D. Ohio Nov. 17, 2008) (Dlott, J.; Hogan, M.J.) (noting that a claim was defaulted because "the state courts relied on an adequate and independent state ground in refusing to address the merits of the claim . . . raised in an untimely post-conviction petition"). Second, petitioner did not pursue any appeal in Ohio's appellate courts after the trial court issued its ruling in the matter. *Cf. Wright v. Bell*, 619 F.3d 586, 603 (6th Cir. 2010) (citing *Howard v. Wolfe*, 199 F. App'x 529, 533 (6th Cir. 2006)) ("A petitioner's failure to appeal a state court decision denying relief represents a procedural default resulting in waiver of the claim."), *cert. denied,* __ S.Ct. __, 2011 WL 4530520 (U.S. Oct. 3, 2011) (Nos. 10-9996, 10A718).

Because petitioner failed to comply with state procedural rules, which were relied on both by the Ohio Supreme Court in denying his motion for delayed appeal and by the trial court in denying his untimely post-conviction petition, and because petitioner did not pursue an appeal in the state courts from the denial of his post-conviction petition, the Ohio Supreme Court was not provided with an opportunity to consider the merits of any of his claims for relief. Therefore, this Court's review of petitioner's claims is barred unless petitioner "can demonstrate cause for the default[s] and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bonilla,* 370 F.3d at 497 (quoting *Coleman,* 501 U.S. at 750).

Petitioner has not argued, nor does the record demonstrate, that failure to consider any of his defaulted claims will result in a "fundamental miscarriage of justice," or in other words, that

the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498.

In addition, petitioner has not provided an explanation for his failure to file a timely post-conviction petition or for his failure to appeal the trial court's ruling denying post-conviction relief. Therefore, he has not demonstrated cause for his procedural default of any claims raised in the state post-conviction proceeding.

Petitioner did assert various arguments to the Ohio Supreme Court in an effort to demonstrate "cause" for his delay in filing his motion for delayed appeal. First, petitioner contended that he was unable to perfect a timely appeal because he is a *pro se* litigant who lacks knowledge of the law and had only limited access to the prison law library. In *Bonilla,* the Sixth Circuit rejected similar arguments, holding that the petitioner's *pro se* status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause. *Bonilla,* 370 F.3d at 498; *see also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Similarly, petitioner is unable to prevail based on those arguments in this case. *Cf. Rogers v. Warden, Warren Corr. Inst.,* No. 1:10cv397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Litkovitz, M.J.), *adopted,* 2011 WL 1753711 (S.D. Ohio May 9, 2011) (Dlott, J.).

Petitioner is also unable to show cause based on his conclusory contention that his nine-month delay in pursuing an appeal to the Ohio Supreme Court was due to "time consuming obstacles" he encountered in obtaining information necessary to prepare and file a timely appeal. Petitioner entered a guilty plea in the case, and he was present at both the plea-taking and

sentencing hearings, which were straight-forward. He was not required to cite or submit any transcripts or other record exhibits to support the claims that he planned to raise in a memorandum in support of jurisdiction. *Cf. id.* (and numerous cases cited therein); *see also Bonilla*, 370 F.3d at 498 (holding that the petitioner's "mistaken belief that he required a complete copy of his trial transcripts prior to filing a notice of appeal with the Ohio Supreme Court does not establish cause to excuse his procedural default"). In any event, the Ohio Supreme Court only had jurisdiction to consider the one claim that had already been presented and argued in the appellate brief filed by petitioner's counsel on direct appeal. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965); *cf. Rigdon v. Ohio Adult Parole Authority,* No. 1:08cv716, 2010 WL 3910236, at *9 (S.D. Ohio July 7, 2010) (Wehrman, M.J.) (citing *Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)), *adopted,* 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010) (Dlott, J.); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08cv433, 2009 WL 3378246, at *1, *9 n.8 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.) (and cases cited therein). Therefore, the forty-five day period for filing a timely appeal to the Ohio Supreme Court provided sufficient time for petitioner to adequately prepare and file an appeal from the Ohio Court of Appeals' direct appeal decision.

Finally, petitioner has argued as cause for his delay in seeking an appeal with the Ohio Supreme Court that his counsel on direct appeal failed to inform him of the Ohio Court of Appeals' decision or that he could pursue a further appeal to the state's highest court. Counsel's ineffectiveness may constitute cause for a procedural default occurring in an appeal as of right to the Ohio Court of Appeals. *See Murray,* 477 U.S. at 488-89. However, attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in

a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal" to the state's highest court. *Tanner v. Jeffreys,* 516 F. Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F. Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Wilson v. Hurley,* 382 F. App'x 471, 478 (6th Cir.) (and cases cited therein), *cert. denied,* 131 S.Ct. 576 (2010).[2]

The Sixth Circuit has held that the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006). Appellate counsel's duties have not been extended further, however, to include the obligation to inform one's client of additional avenues of relief or of the time requirements for pursuing further relief in the state courts. *Cf. Wilson,* 382 F. App'x at 479 (rejecting the argument that "appellate counsel's duty to provide effective assistance during the first appeal of right carried with it the continuing duty to notify Petitioner of the deadline for filing a Rule 26(B) application"). As the Sixth Circuit explained in *Wilson*, 382 F. App'x at 479, "unlike informing a client of the decision in a proceeding in which counsel represented that client," counsel's failure to inform a client of time requirements for pursuing further relief "does not relate to the continuation of the direct appeal."

---

[2] *Cf. Garrett v. Moore,* No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, J.; Hogan, M.J.) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of his counsel, who represented him on discretionary appeal to the Ohio Supreme Court, in failing to assert all the claims of error that had been raised to the Ohio Court of Appeals, constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (same).

The purported failure of petitioner's appellate counsel to advise petitioner that he could pursue a discretionary appeal to the Ohio Supreme Court, therefore, does not constitute cause sufficient to justify excusing petitioner's procedural default in this case. *See id.* However, petitioner also has generally alleged that his appellate counsel failed to inform him of the state appellate court's decision within the time required for filing a timely appeal to the Ohio Supreme Court. Petitioner has not provided specific information as to exactly when he was informed of the decision. However, it is clear from the record that, at the latest, he knew of the result of his appeal when he received the letter dated January 25, 2010 from an attorney at the Ohio Public Defender's Office declining to represent petitioner in any delayed appeal. (*See* Doc. 13, Ex. 12, "Exhibit C"). Petitioner did not file a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court until nearly seven months later, on August 17, 2010. (*See* Doc. 13, Exs. 12-13). Moreover, he has provided no explanation for his extensive delay in pursuing any remedy in the state courts after learning of the appellate court decision and receiving advice from the Ohio Public Defender's Office about claims he wanted to raise and possible available avenues of relief to pursue in the state courts. (*See* Doc. 13, Ex. 12, "Exhibit C").

In *Smith*, 463 F.3d at 435, the Sixth Circuit held that "if the period of time between when the defendant learned of the [appellate court] decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal–here, forty-five days–the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for [appellate] counsel's failure to notify the defendant of the decision." (Emphasis in original). Here, even accepting petitioner's conclusory assertion that his

counsel failed to inform him of the appellate court decision in a timely fashion, he did not take any action to appeal that decision or pursue any other state remedy until at least seven months after learning of the decision, well beyond the forty-five day limit permitted under Rule II, § 2(A)(1)(a), of the Rules of Practice of the Supreme Court of Ohio. Therefore, as in *Smith*, petitioner has not demonstrated "prejudice as a result of his counsel's failure to notify him of the Ohio Court of Appeals' decision . . ., and thus he cannot rely on his counsel's ineffective assistance to overcome the procedural default of his . . . claims." *Id.* at 436; *cf. Gau v. Kelly,* No. 4:09cv2955, 2011 WL 400141, at *6 (N.D. Ohio Feb. 4, 2011).

Accordingly, in sum, petitioner has procedurally defaulted his claims for relief on direct appeal by (1) failing to raise all seven grounds for relief on direct appeal to the Ohio Court of Appeals, and (2) then failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision affirming the trial court's judgment of conviction and sentence. Petitioner has also procedurally defaulted the ineffective-assistance-of-counsel claims raised in his state post-conviction petition by (1) failing to file a timely post-conviction petition, and (2) failing to appeal the trial court's judgment denying post-conviction relief. Because petitioner has not demonstrated "cause" for his procedural defaults or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived all grounds for federal habeas relief that are asserted in the instant petition. The petition, which is thus barred from review by this Court, is subject to dismissal with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5)

be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   10/20/2011                          s/Karen L. Litkovitz
            cbc                             Karen L. Litkovitz
                                            United States Magistrate Judge

---

[3]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of the defaulted grounds for relief.  *See Slack,* 529 U.S. at 484.

18

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM E. NORRIS,                                    Case No.. 1:10-cv-764
     Petitioner

    vs                                            Dlott, C.J.
                                               Litkovitz, M.J.

WARDEN, OAKWOOD
CORRECTIONAL FACILITY,
     Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William E. Norris A586-604
Oakwood Corr. Facility
3200 N. West Street
Lima, OH 45801

A. Signature

X                                    ☒ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)

7003 2260 0002 6723 4255

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540